JAMES F. BROWN, Respondent, *v.* JOHN COMBS et al., Appellants.

Plaintiff agreed with one O. to make advances on his growing crops, which were to be shipped to plaintiff at S., and by him consigned to defendants in New York for sale. The advances were made, the crops forwarded to and received by plaintiff, and by him shipped in his own name to defendants, and the bills of lading wer forwarded to defendants by

plaintiff, with instructions to sell for his account. Upon the trial of an action brought to recover the proceeds of sales, defendants claimed to hold such proceeds to pay advances made by them to O. under a prior agreement, by which O. agreed to forward his crops to them, the advances to be deducted from the proceeds, and the agreement to continue in force until the advances were paid, and offered testimony to prove such agreement and advances under it, which was excluded. *Held,* no error ; that as plaintiff had full possession and control of the crops in question, of which defendant had notice, plaintiff was entitled to the avails to the extent of his advances.

Also, *held,* that the facts that defendants received notice from O. of each shipment, that the packages were marked with O.'s name, and that the returns made by defendants to plaintiff stated that the sales were on account of O., did not change the character of the transaction or affect plaintiff's rights.

In answer to a letter of plaintiff complaining of delay, defendants wrote advising plaintiff that he could change his consignments, provided he would pay amount advanced to O. To which plaintiff replied, that, as shipments were made in his name, he supposed defendants could have no doubt as to who was entitled to receive returns, and notified defendants of further shipments to be sold on plaintiff's account. Defendants continued to sell thereafter. *Held,* that they were estopped from claiming the sales to have been on any other than plaintiff's account.

(Argued December 21, 1875; decided January 18, 1876.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York affirming judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover the proceeds of sales of goods alleged to have been shipped by plaintiff at Savannah to defendants, commission merchants in New York, to be sold by them on plaintiff's account.

In December, 1868, A. Oemler, a planter, residing on Wilmington Island, entered into an agreement with plaintiff, a commission merchant at Savannah, Georgia, by which plaintiff agreed to make advances upon Oemler's growing crops, the latter agreeing to ship them when ready for market to plaintiff, who was to ship them to defendants for sale. Plaintiff made the advances agreed upon, received the crops, and shipped them in his own name to defendants, he forwarding the bills of lading for each shipment, with instructions to

sell on his account. The goods were received by defendants and sold, and the proceeds, from time to time, forwarded to plaintiff. For the goods sold in June, 1869, defendants made returns of sales, but refused to send proceeds, claiming to apply them on an old indebtedness of Oemler's to them. The returns of sales made by defendants stated that the sales were on account of A. Oemler, and his name was marked on the packages.

On April 20, 1869, in answer to a letter of plaintiff's complaining of delay in making returns of sale, the defendants wrote, among other things : " In reference to shipping further to our house, we are perfectly willing you should change, if you pay us the amount we have advanced to Mr. Oemler." Plaintiff replied, under date of April 24, 1869 : " Yours of twentieth, duly received, has attention. As the shipments were made by M. & B. L. in my name, I supposed you could have no doubt who was entitled to receive returns." This letter also notified defendants of shipment of twenty-one boxes of peas, with directions to sell on plaintiff's account. It appeared that Oemler notified defendants of each shipment. Defendants made the following offers of testimony on the trial. They offered to prove that in or about the month of February, 1868, an agreement was entered into between the said Oemler and the defendants, by which they were to advance money to him ahead of his crops, and that they were to be remunerated out of the crops when they should come forward to market, and that Oemler would ship them to the defendants, and they should be paid in that way ; that it was further understood and agreed that such agreement was to continue and be in force so long as the defendants should continue to be in advance to Oemler, and until a final settlement should be had and all such advances were paid ; and that under said agreement advances were continually made by the defendants on these goods to Oemler down to January, 1869.

Defendants' counsel also offered to prove by this witness that the defendants had no notice of any advances made by Brown to Oemler.

The plaintiff's counsel objected to the evidence, and the court excluded it, to which decision the defendants' counsel duly excepted.

The court directed a verdict for the plaintiff, to which said counsel duly excepted.

*Simeon E. Church* for the appellants. Plaintiff had no superior title or equity over the proceeds of the crops as against Oemler or as against anybody else. (*Marine Bk.* v. *Wright*, 48 N. Y., 1; *Booth* v. *Bunce*, 33 id., 139; 5 J. R., 101, 103; 18 Wend., 235, 253; 2 Hill, 151; 4 N. Y., 500; 3 id., 322, 329; *Bailey* v. *H. R. R. R. Co.*, 49 id., 70, 74.) Defendants' rights attached as soon as the goods started for New York, and plaintiff was only entitled to what was left after satisfying defendants' claim. (*Grosvenor* v. *Phillips*, 2 Hill, 147; *Salter* v. *Everett*, 20 Wend., 267; 5 id., —; *Bush* v. *Lathrop*, 22 N. Y., 535; *Reeves* v. *Kimball*, 40 id., 299.)

*Argued by Samuel Hand for Resp't*

*William W. Goodrich* for the respondent.

MILLER, J. By the agreement between the plaintiff and Oemler, the plaintiff agreed to make advances on Oemler's growing crops, which were to be, and actually were, shipped to the plaintiff at Savannah and by him were to be and were consigned to the defendants in New York and to other parties at other places. The plaintiff advanced $2,000 on account of said agreement and received the crops accordingly. He thereby became possessed of the crops and entitled to the proceeds upon a sale thereof. The crops were shipped with bills of lading in the plaintiff's name, and letters were written from time to time in which the defendants were directed to sell on the plaintiff's, "my account." Upon these facts, if the case stopped here, it is quite obvious that the defendants were liable for the balance due on account of the crops consigned to them. The offer of the defendants upon the trial to prove

an agreement of the previous year between Oemler and the defendants, by which the latter were to advance money for the crops, which was to continue in force until a final settlement was had and all advances paid, and that advances were made down to January, 1869, if admitted, would not, I think, alter or affect the plaintiff's rights or change the aspect of the case. Although this agreement was prior to that under which the plaintiff claimed, yet it was without the plaintiff's knowledge or notice to him; and as the plaintiff had full possession and control of the crops, he was entitled to be paid for the advances made out of the amounts realized upon any sale thereof. The crops were shipped by plaintiff on his own account, as already stated, and no secret lien could be created to the detriment of plaintiff's lien. The defendants' claim was for an old account, and he lost nothing therefor by the agreement of Oemler with the plaintiff. Nor was there any ground for claiming that the defendants had a right to the crops under an older title, for they were not sold and delivered to the defendants at all, but shipped for and on behalf of the plaintiff, and with notice to the defendant to that effect. The notice received from Oemler of the shipment, the marking of the boxes and barrels with his name and the returns made, that they were sold on the account of Oemler, do not change the general characteristics of the transaction, as shown by the contract, the bills of lading, and the directions accompanying the same, as well as by other acts of the parties. It is claimed that the letter of the defendants to the plaintiff, dated the twentieth day of April, was a notice of defendant's claim. This letter was in answer to a letter received from the plaintiff complaining of delay, and states that they are perfectly willing that the plaintiff should change his consignments, provided he pays the amount the defendants had advanced to Oemler. Giving to this communication the full force it was entitled to, the answer of April twenty-fourth, in which the plaintiff states that as the shipments were made by him in his name, he supposed that the defendants could have no doubt who was entitled to receive the returns, and further stated

that he sent other articles which the defendants were requested to sell on the plaintiff's account, is a direct notification to the defendants that the sales were made for the plaintiff. And as the defendants continued to sell afterward on plaintiff's account and the crops forwarded in the plaintiff's name with bills of lading, they are estopped now from claiming that such sales were made upon any other account. No other point is made as to the contract which demands especial consideration, and as the case stood, there was no legal right to the avails of the same in the defendants, and no equities which entitled them to the moneys realized under an express contract with the plaintiff, and with full knowledge by and notice to the defendants that the crops were shipped by and on the plaintiff's behalf.

The point taken that there was no proof that there was any thing due to the plaintiff, was not made upon the trial, and is not well founded. Sufficient evidence appears to show that shipments were made to the defendants, to a considerable extent, and the case appears to have been tried upon the theory that the balance for which the verdict was directed was actually due unless the defendants were entitled to deduct the amount of their claim for advances under the contract with Oemler, of the previous year. Under these circumstances the defendants are concluded from raising any question as to the amount due. The right of the plaintiff to recover does not rest entirely upon his claim as consignor, but as the possessor of property upon which he had made advances. There was no error in any of the rulings upon the trial, and the judgment must be affirmed, with costs.

All concur.

Judgment affirmed.